## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| ESMAEIL RIAHI, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No. ) |
| RUIZ FOOD PRODUCTS, INC., | ) ) |
|     Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, Esmaeil Riahi, by and through his attorneys, Favaro & Gorman, Ltd., and for his Complaint against Ruiz Food Products, Inc. states and alleges as follows:

## PARTIES

1. Plaintiff, Esmaeil Riahi ("Riahi") is a citizen of Illinois and is domiciled in Grayslake, Lake County, Illinois.

2. Defendant, Ruiz Food Products, Inc. ("Ruiz") is a California Corporation with its principal place of business in California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) a substantial part of the events giving rise to Riahi's claims occurred in this District including, but not limited to Ruiz engaging Riahi in employment in this district.

## GENERAL ALLEGATIONS

5. Riahi has a bachelor's degree, a masters degree and a doctorate in food sciences and has an excess of thirty years experience in the industry.

6. Ruiz is a food manufacturing company with multiple facilities across the United States.

7. Riahi was hired as Director of Quality Assurance in February, 2022.

8. In this role, Riahi was responsible for, among other things, the identification and prevention of food related diseases within Ruiz's facilities.

9. Riahi was supervised by and reported to Gina Flores ("Flores").

10. Shortly after Riahi's hiring, he identified concerns with food safety issues that would affect the public health at Ruiz's North Carolina manufacturing facility, specifically: listeria and ecoli were identified as present in product shipped to market.

11. Riahi carefully and fully investigated these safety concerns and arrived at recommendations for remedying the concerns.

12. Riahi reported this investigation and recommendations to Flores who reacted with irritation and subsequently launched unfounded investigation into Riahi's expense reports and employee relationships in an effort to either shut him up or terminate his employment.

13. In one of Riahi's conversations with Flores, he indicated that he would have to make the USDA aware of the concerns if no remedial action was undertaken.

14. Riahi ultimately contacted the USDA to report these concerns.

15. Upon information and belief, Flores was aware that Riahi had contacted the USDA.

16. During the time of his employment, Riahi had received no write-ups, criticisms or negative reviews and received no verbal or written notice of any intent to terminate his employment; nonetheless, and without just cause, Ruiz unlawfully terminated Riahi's employment in June, 2022.

17. After the termination of Riahi's employment by Ruiz, he suffered a loss of income in the form of lost wages and lost benefits and experienced anguish and emotional distress.

## COUNT I

## COMMON LAW RETALIATORY DISCHARGE

18. Riahi restates and realleges as though fully set forth herein paragraphs 1 through 17.

19. Riahi was discharged for engaging in a protected activity by informing Ruiz of his intention to report the ecoli and Listeria contamination to the USDA.

20. Riahi had the reasonable belief that Ruiz's failure to manage the contamination was improper and illegal.

21. Riahi was discharged in contravention of a clearly mandated public policy of the State of Illinois as contained in the regulations of the USDA, OSHA, and elsewhere.

22. Ruiz wrongfully terminated Riahi as a result of his actions described herein.

23. As a result of Ruiz's wrongful action, Riahi has suffered and will continue to suffer distress, anguish and economic injuries, including lost wages and lost benefits.

24. Ruiz's actions were willful, deliberate and wanton, and therefore Riahi in entitled to punitive damages.

## COUNT II

## VIOLATION OF THE ILLINOIS WHISTLEBLOWER ACT

25. Riahi restates and realleges as though fully set forth herein paragraphs 1 through 17 above.

26. Riahi reported the ecoli and listeria contamination to the USDA.

27. USDA is a government agency as recognized by the Illinois Whistleblower's Act, 740 ILCS 174/15.

28. Ruiz was aware through Flores that Riahi was going to, and did in fact report the ecoli and listeria contamination to the USDA.

29. Ruiz retaliated against Riahi by terminating him in violation of the Illinois Whistleblower Act, 740 ILCS 174/15.

30. As a result of Ruiz's wrongful action, Riahi has suffered and will continue to suffer distress, anguish and economic injuries, including lost wages and lost benefits.

Wherefore, Plaintiff, Esmaeil Riahi, requests this honorable court that he be afforded the following relief:

    a. Compensatory and other damages for the injuries which he has suffered in an amount of at least Seventy-Five Thousand and No/100 ($75,000.00) Dollars to be determined at trial;

    b. Backpay with interest to be determined at trial;

    c. Punitive Damages as allowable under Count I in an amount to be determined at trial;

  d.  Any litigation costs and reasonable attorneys' fees as allowable under Count II and;

  e.  For such other relief as this Court deems just and proper.

## **JURY DEMAND**

Riahi demands a trial by jury on all counts properly submissible to a jury.

          Respectfully Submitted,

          Favaro & Gorman, Ltd.


        By:  s/ Dennis R. Favaro
           Dennis R. Favaro, one of the
           Plaintiff's attorneys

Dennis R. Favaro
Patrick J. Gorman
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, IL 60014
(815) 477-1110